Filed 9/29/23  In re T.G. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| In re T.G. et al., Persons Coming Under the Juvenile Court Law. | |
| | D082163 |
| SAN DIEGO COUNTY HEALTH AND HUMAN SERVICES AGENCY, | |
| | (Super. Ct. No. EJ4648CD) |
| Plaintiff and Respondent, | |
| v. | |
| L.B., | |
| Defendant and Appellant. | |


APPEAL from orders of the Superior Court of San Diego County, Mark T. Cumba, Judge.  Affirmed.

William Hook, under appointment by the Court of Appeal, for Defendant and Appellant.

Claudia G. Silva, County Counsel, Lisa M. Maldonado, Chief Deputy County Counsel, and Natasha C. Edwards, Deputy County Counsel, for Plaintiff and Respondent.

L.B. (Mother) appeals from orders terminating parental rights to her children, T.G. and J.G. (Children), after a Welfare and Institutions Code section 366.26[2] hearing. Mother contends that the San Diego County Health and Human Services Agency (Agency) did not comply with its inquiry duties under the federal Indian Child Welfare Act (25 U.S.C. § 1901 et seq.) (ICWA) and section 224.2. However, Mother has not shown that the Agency failed to inquire of any persons who qualify as "extended family member[s]" for purposes of ICWA.

Section 224.2 imposes an "affirmative and continuing duty" upon the Agency and the juvenile court to inquire whether a child subject to juvenile dependency may be an Indian child. (§ 224.2, subd. (a).) Subdivision (b) of section 224.2 creates an expanded duty of initial inquiry that requires the Agency to ask "extended family member[s]" whether the child may be an Indian child. ICWA defines " 'extended family member' " by "the law or custom of the Indian child's tribe" or, absent such law or custom, as "a person who has reached the age of eighteen and who is the Indian child's grandparent, aunt or uncle, brother or sister, brother-in-law or sister-in-law, niece or nephew, first or second cousin, or stepparent." (25 U.S.C. § 1903(2); § 224.1, subd. (c) [" 'extended family member' . . . defined as provided in [§] 1903" of ICWA].)

There is currently a split in authority as to whether this duty only applies to a child who has been taken into temporary custody without a

---

[1]    We resolve this case by memorandum opinion because it "raise[s] no substantial issues of law or fact." (Cal. Stds. Jud. Admin., § 8.1.)

[2]    Undesignated statutory references are to the Welfare and Institutions Code.

warrant pursuant to sections 306 or 307, and the Supreme Court has granted review to decide the question. (See *In re Ja.O.* (2023) 91 Cal.App.5th 672, 678, review granted July 26, 2023, S280572; *In re Robert F.* (2023) 90 Cal.App.5th 492, 500-504, review granted July 26, 2023, S279743; *In re Delila D.* (2023) 93 Cal.App.5th 953, 962.) Although Mother does not contend that Children were taken into temporary custody under sections 306 or 307, both parties assume that the expanded duty of inquiry applies. In light of the Agency's implicit concession, we do not decide this issue.

Mother contends the Agency "failed to conduct an adequate initial inquiry as to whether [Children] were Indian children" because it "never inquired of the various available paternal 'extended family members' about the children's possible Indian heritage." Mother points to 11 individuals listed in the Agency's Jurisdiction/Disposition Report who have the same last name as the Children's father.[3] The Jurisdiction/Disposition Report explains that the Agency had identified "potential relatives" and describes each individual's relationship to Children simply as "Relative." Although Mother assumes that these individuals are actual "extended family member[s]," she fails to explain how they are related to the Children or to point to evidence in the record that would enable us to conclude that any one of them is a "grandparent, aunt or uncle, brother or sister, brother-in-law or sister-in-law, niece or nephew, first or second cousin, or stepparent." (25 U.S.C. § 1903(2); § 224.1, subd. (c).)

Mother cites *In re J.C.* (2022) 77 Cal.App.5th 70, and *In re Darian R.* (2022) 75 Cal.App.5th 502, in support of her position. In each case, however,

---

[3] Although the Agency argues that J.G. was only an "alleged" father, multiple Agency reports list J.G. as the "Father," and the juvenile court ultimately found that he was the father of both Children.

the parent identified specific individuals who qualified as extended family members and with whom the Agency could or did speak. (See *In re J.C.*, *supra*, at pp. 79, 82, 84 [ICWA inquiry was insufficient where social worker was in regular contact with one grandmother and had spoken to the other grandmother's husband but had not asked either grandmother about Indian heritage]; *In re Darian R.*, *supra*, at pp. 505, 509 [ICWA inquiry was insufficient where "social worker interviewed maternal aunt and had contact with maternal grandfather" but had not asked either about Indian heritage].) Here, Mother fails to establish a qualifying relationship for any of the individuals she identifies. Moreover, although the Agency sent contact letters to these relatives, none responded.[4] Therefore, we cannot say the Agency was statutorily required to conduct inquiries with the "potential relatives" identified in the Jurisdiction/Disposition Report. Because this is Mother's sole argument on appeal, Mother has not shown any error in the juvenile court's orders.

---

[4] Children's aunt, the one paternal family member who responded to the Agency's letter, denied Indian heritage. The Agency asked this paternal aunt, "Is there anyone in your family who may have more information about the child's Native American, Alaska Native, or American Indian heritage?" She responded "No."

## DISPOSITION

The orders are affirmed.

McCONNELL, P. J.

WE CONCUR:

DO, J.

CASTILLO, J.